UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

Oprex Surgery (Baytown) L.P., §
§
    Plaintiff, §
§
versus §    Civil Action H-14-2330
§
Sonic Automotive Employee §
Welfare Benefit Plan, §
§
    Defendant. §

## Opinion on Dismissal

1.    *Background.*

Oprex Surgery (Baytown) L.P., is a clinic in Baytown, Texas. It treated nine beneficiaries of Sonic Automotive Employee Welfare Benefit Plan – a self-funded, employee-benefit plan. The plan is administered by BlueCross BlueShield of North Carolina.

Before treating the beneficiaries, Oprex verified that each patient was a beneficiary of the plan and that the proposed treatment was covered. It also required that each beneficiary assign to it the medical benefits, insurance reimbursement, or both to which he was entitled before treatment.

Oprex treated the beneficiaries and billed the plan. The plan paid a small portion of the amounts billed. Oprex disputed that the amount paid was the amount owed under the terms of the plan. It sent two requests for reconsideration and an explanation. After it was given perfunctory denials, it sued. Oprex says that Sonic underpaid its claims by $138,736.66.

2.    *Standing.*

Sonic says that Oprex lacks standing to sue it because the plan includes a prohibition of alienation of the benefits. The clause says that, "any benefit or interest available under the plan, any right to receive payments under the plan, or any payment made under the plan shall not be subject to assignment or alienation, garnishment, attachment, transfer or anticipation, execution or levy, whether by the voluntary or involuntary act of any interested person under

the plan." Sonic says that the assignment its beneficiaries executed in favor of Oprex are invalid in light of this provision.

This clause precludes assignments of benefits to third-parties. It does not preclude a physician proposing current care from acting as a claims agent for a beneficiary. The beneficiaries got the benefits provided under the plan – the care. The direction of payment of the benefits to a doctor for collection for his work is not an alienation but an efficient delegation of authority.[1] Oprex has standing to sue Sonic.

3. *Exhaustion.*

Sonic says that Oprex's claims under the Employee Retirement Income Security Act are barred because it has not exhausted its administrative remedies under the plan before suing.

Oprex has exhausted its administrative remedies. The plan provides for two levels of appeals. Oprex alleges that it sent two appeals to Sonic after its claims were denied. The denials, it says, were affirmed each time. This is sufficient.

4. *Particularity.*

Sonic says that Oprex has not pleaded its complaint for underpayment or negligent misrepresentation with sufficient particularity.

Though much detail is excluded, Oprex's pleading is sufficient to notify Sonic about its claims and show that it is plausibly entitled to relief. It includes a spreadsheet which details the thirteen claims about which it complains, some details about the plan's terms, what Sonic told it about coverage, and the amount it was reimbursed for each claim.

It does not, however, mention how much it collected from each patient, the reasonable cost of the same operation at a similar place in the same area, how the representations were unreasonable, among many other things.

---

[1] Hermann Hospital v. MEBA Medical and Benefits Plan, 959 F.2d 569, 575 (5th Cir. 1992).

5.  *Negligent Misrepresentation.*

Sonic says that Oprex's claim for negligent misrepresentation is preempted by the Act. This court is bound to conclude that the Act may not preempt Oprex's claim.[2]

6.  *Conclusion.*

Oprex's claims for breach of contract, full and fair review under the Act, and violations of claims procedure under the Act have been dismissed with prejudice. The remainder of Sonic's motion to dismiss will be denied.

Signed on August 10, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co., 662 F.3d 376, 384–86 (5th Cir. 2011).