## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| OPREX SURGERY (BAYTOWN), L.P. | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 4:14-CV-2330 |
| SONIC AUTOMOTIVE WELFARE | * | |
| BENEFITS PLAN, | * | |
| Defendant. | * | |
| | * | |

**************************************

### DEFENDANT SONIC AUTOMOTIVE, INC. WELFARE BENEFITS PLAN'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant Sonic Automotive, Inc. Welfare Benefits Plan ("the Plan"), who answers the First Amended Complaint ("FAC") (Doc. 25) of Oprex Surgery (Baytown), L.P. ("Oprex") as follows:

### FIRST AFFIRMATIVE DEFENSE

The FAC fails, in whole or in part, to state claims upon which relief can be granted against the Plan.

### SECOND AFFIRMATIVE DEFENSE

Oprex's damages, if any, were not caused by the Plan, but by other persons or entities for whom or for which the Plan is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Certain of Oprex's claims, including, but not limited to, Counts I, IV, VI, and VII, are barred by applicable contractual limitations periods or statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Oprex's state-law claims are preempted in whole or in part by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Oprex's claims relate to employee welfare benefit plan(s), which are written documents and, as such, are the best evidence of their terms, conditions, coverages, exclusions, limitations, and all other matters pertaining thereto, and the Plan pleads said plan or plans as a complete defense to Oprex's claims herein.

### SIXTH AFFIRMATIVE DEFENSE

The claims at issue in this action were processed and properly paid by the Plan in accordance with the terms of the applicable contracts, agreements and/or plan documents. Therefore, Oprex's claims are barred under the doctrines of payment, release, accord and satisfaction, and/or novation.

### SEVENTH AFFIRMATIVE DEFENSE

Oprex is not entitled under ERISA to bring a claim for benefits under an employee welfare benefit plan because Oprex is not a participant or beneficiary as required by 29 U.S.C. §1132. To the extent Oprex contends that it brings ERISA benefit claims as an assignee of its patients, such claims are barred by any applicable anti-assignment provisions found in the applicable plan documents.

### EIGHTH AFFIRMATIVE DEFENSE

Oprex's claims are barred to the extent that Oprex failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Oprex has failed to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Oprex's claims are barred by the doctrines of unclean hands and/or estoppel due to Oprex's own participation in the events giving rise to Oprex's alleged claims against the Plan

## ELEVENTH AFFIRMATIVE DEFENSE

Oprex is liable to the Plan for attorneys' fees and costs under Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## TWELFTH AFFIRMATIVE DEFENSE

Due to the vague and conclusory allegations set forth in the FAC, the Plan is not able to ascertain whether other affirmative defenses may apply to Oprex's claims. The Plan reserves the right to add additional affirmative defenses as the circumstances may make appropriate.

AND NOW, answering the specific allegations of the FAC, the Plan avers as follows:

1.      Paragraph 1 of the FAC states legal conclusions for which no response is required. To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 1 and, on that basis, denies it. With regard to the second sentence of Paragraph 1, the Plan admits that the medical benefit component which is at issue in this case is self-funded.

2.      Paragraph 2 of the FAC states legal conclusions for which no response is required. To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 2 and, on that basis, denies them.

3.      Paragraph 3 of the FAC states legal conclusions for which no response is required. To the extent a response is required, the Plan is without sufficient knowledge or

information to form a belief regarding the truth of the allegations contained in Paragraph 3 and, on that basis, denies them.

4.      The Plan denies the first two sentences of Paragraph 4 of the FAC.  The third sentence of Paragraph 4 states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the third sentence of Paragraph 4 and, on that basis, denies them.

5.      Paragraph 5 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 5 and, on that basis, denies them.

6.      Paragraph 6 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.

7.      Paragraph 7 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 7 and, on that basis, denies them.

8.      Paragraph 8 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 8 and, on that basis, denies them.

9.      The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 9 of the FAC and, on that basis, denies them.

10.     The Plan admits that the medical benefit component which is at issue in this case, is self-funded, that its principal place of business is in North Carolina and that its Plan Administrator may be served at Sonic Automotive, Inc., 4401 Colwick Road, Charlotte, North Carolina, 28211.  The remaining allegations contained in Paragraph 10 are denied.

11.     Paragraph 11 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 11 and, on that basis, denies them.  By way of further response, the Plan is not contesting jurisdiction or venue in this matter.

12.     Paragraph 12 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 12 and, on that basis, denies them.  By way of further response, the Plan is not contesting jurisdiction or venue in this matter.

13.     Paragraph 13 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 13 and, on that basis, denies them.  By way of further response, the Plan is not contesting jurisdiction or venue in this matter.

14.     Paragraph 14 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or

information to form a belief regarding the truth of the allegations contained in Paragraph 14 and, on that basis, denies them.  By way of further response, the Plan is not contesting jurisdiction or venue in this matter.

15.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 15 of the FAC and, on that basis, denies them.

16.     The Plan admits that the medical benefit component which is at issue in this case is self-funded, and that its principal place of business is in North Carolina.  The remaining allegations contained in Paragraph 16 are denied.

17.     The Plan admits that BlueCross BlueShield of North Carolina ("BCBSNC") served as its claim administrator.  The remainder of Paragraph 17 of the FAC states legal conclusions for which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 17 and, on that basis, denies them.

18.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations regarding the healthcare Oprex alleges it provided and, on that basis, denies these allegations.  The Plan admits that certain healthcare providers negotiate contractual rates of reimbursement with health benefits companies and/or health benefit administrators and that providers which agree to negotiated rates are typically referred to as "network," "in-network," or "participating" providers.  The Plan further admits that healthcare providers which have not negotiated contractual rates of reimbursement are typically referred to as "non-network," "out-of-network" or "non-participating" providers.

19.     The Plan admits that those providers which have negotiated rates of reimbursement with it, or its designated administrator BCBSNC, are considered "in-network"

and are reimbursed according to their negotiated rates.  The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 19 of the FAC and, on that basis, denies them.

20.     The Plan admits that Oprex is an "out-of-network provider" insofar as Oprex is not in privity of contract with the Plan, or any of its agents, regarding the terms of reimbursement for healthcare provided to participants and beneficiaries of the Plan.   The remainder of Paragraph 20 of the FAC states legal conclusions for which no response is required. To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 20 and, on that basis, denies them.

21.     Denied.

22.     Denied.

23.     To the extent Paragraph 23 of the FAC states legal conclusions, no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 23 and, on that basis, denies them.  By way of further response, the Plan denies the remaining allegations of Paragraph 23.

24.     The Benefit Booklet is the best evidence of its contents and the Plan denies Paragraph 24 to the extent that it summarizes, paraphrases, misstates or otherwise attempts to restate the terms of the Benefit Booklet.  The remainder of Paragraph 24 is denied.

25.     To the extent Paragraph 25 purports to summarize allegations regarding multiple patients and multiple dates of service, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 25 and, on that basis,

denies them.  By way of further response, the Plan admits that its participants are provided identification cards.

26.     The first sentence of Paragraph 26 is not directed to the Plan and no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 26 and, on that basis, denies them.  To the extent the second sentence of Paragraph 26 purports to summarize allegations regarding multiple patients and multiple dates of service, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the second sentence of Paragraph 26 and, on that basis, denies them. The third sentence of Paragraph 26 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the third sentence of Paragraph 26 and, on that basis, denies them.

27.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 27 of the FAC and, on that basis, denies them.

28.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 28 of the FAC and, on that basis, denies them.

29.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 29 of the FAC and, on that basis, denies them.

30.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 30 of the FAC and, on that basis, denies them.

31.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 31 of the FAC and, on that basis, denies them.

32.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 32 of the FAC and, on that basis, denies them.

33.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 33 of the FAC and, on that basis, denies them.

34.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 34 of the FAC and, on that basis, denies them.

35.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 35 of the FAC and, on that basis, denies them.

36.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 36 of the FAC and, on that basis, denies them.

37.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 37 of the FAC and, on that basis, denies them.

38.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 38 of the FAC and, on that basis, denies them.

39.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 39 of the FAC and, on that basis, denies them.

40.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 40 of the FAC and, on that basis, denies them.

41.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 41 of the FAC and, on that basis, denies them.

42.     The allegations of Paragraph 42 are not directed to the Plan and, as such, no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 42

of the FAC and, on that basis, denies them.  By way of further response, the Plan denies the legal enforceability of any such alleged assignment.

43.     To the extent the first sentence of Paragraph 43 purports to summarize allegations regarding multiple patients and multiple dates of service, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 43 and, on that basis, denies them.  The second sentence of Paragraph 43 is denied.

44.     Denied.

45.     To the extent the first sentence of Paragraph 45 purports to summarize allegations regarding multiple patients and multiple dates of service, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 45 and, on that basis, denies them.  The second sentence of Paragraph 45 is denied.

46.     Paragraph 46 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 46 and, on that basis, denies them.

47.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 47 of the FAC and, on that basis, denies them.

48.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 48 of the FAC and, on that basis, denies them.

49.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 49 of the FAC and, on that basis, denies them. By way of further response, the Plan denies the legal enforceability of any alleged assignment.

50.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 50 of the FAC and, on that basis, denies them.

51.     The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 51 of the FAC and, on that basis, denies them.

52.     The first sentence of Paragraph 52 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 52 and, on that basis, denies them.  The remainder of Paragraph 52 is denied.

53.     To the extent Paragraph 53 of the FAC states legal conclusions, no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations supporting the legal conclusions contained in Paragraph 53 and, on that basis, denies them.  The remainder of Paragraph 53 is denied.

54.     Denied.

55.     To the extent Paragraph 55 purports to summarize allegations regarding multiple patients and multiple dates of service, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 55 and, on that basis, denies them.  The remainder of Paragraph 55 is denied.

56.    The Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 56 of the FAC and, on that basis, denies them.

## COUNT ONE

57.    Paragraphs 1-56 are incorporated by reference as if restated fully herein.

58.    Denied.

59.    The Plan denies that it owes any fiduciary duties to Oprex.  To the extent Paragraph 59 of the FAC states legal conclusions, no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations supporting the legal conclusions contained in Paragraph 59 and, on that basis, denies them.

60.    Denied.

61.    Denied.

62.    Denied.

## COUNT TWO

63.    Paragraphs 1-62 are incorporated by reference as if restated fully herein.

64.    This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

65.    This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

66.    This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

## COUNT THREE

67.    Paragraphs 1-66 are incorporated by reference as if restated fully herein.

68.     This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

69.     This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

70.     This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

71.     This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

## COUNT FOUR

72.     Paragraphs 1-71 are incorporated by reference as if restated fully herein.

73.     Paragraph 73 of the FAC states legal conclusions to which no response is required.  To the extent a response is required, the Plan is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 73 and, on that basis, denies them.

## COUNT FIVE

74.     Paragraphs 1-73 are incorporated by reference as if restated fully herein.

75.     This Count has been dismissed with prejudice, as stated in the Court's August 10, 2015 Order (Doc. 29).  Accordingly, no response is required to the allegations of this Paragraph.

## COUNT SIX

76.     Paragraphs 1-75 are incorporated by reference as if restated fully herein.

77.     Denied.

78.     Denied.

## COUNT SEVEN

79.     Paragraphs 1-78 are incorporated by reference as if restated fully herein.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

## COUNT EIGHT

88.    Denied.

89.    Denied.

## JURY DEMAND

90.    The Plan admits that Oprex has demanded a trial by jury, however the Plan denies that Oprex is entitled to a trial by jury on any of its claims arising out of or relating to ERISA.

## UNNUMBERED PRAYER

The Plan denies that it be cast in judgment, denies that Oprex is entitled to any damages, attorneys' fees, statutory penalties, costs, or interest, and denies that Oprex is entitled to any relief whatsoever in law or equity.

WHEREFORE, the Plan prays that its answer be deemed good and sufficient, that Oprex take nothing, and that its allegations against the Plan be dismissed with prejudice and at Oprex's sole cost, with costs and attorneys' fees awarded against Oprex.

Respectfully submitted,

*s/Covert J. Geary*
COVERT J. GEARY (LA 14280)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-8276
Fax:  (504) 589-8276
*cgeary@joneswalker.com*

LARA D. PRINGLE (TX  24056164)
Jones Walker LLP
1001 Fannin Street, Suite 2450
Houston, TX 77002
Telephone: (713) 437-1800
Fax: (713)437-1810
*lpringle@joneswalker.com*

**Counsel for Defendant,**
**Sonic Automotive, Inc. Welfare Benefits Plan**

## CERTIFICATE OF SERVICE

The above and foregoing pleading was served on all counsel of record pursuant to this Court's Case Management/Electronic Case Filing system.  For those attorneys not participating in the CM/ECF system, this pleading was served by first class U.S. Mail, postage prepaid and properly addressed, this 25th day of September, 2015.

*s/Covert J. Geary*